WASTE, C. J.
 

 The petitioner as director of the department of industrial relations of this state, seeks the issuance of a writ of
 
 mandamus
 
 directing and commanding the respond
 
 *533
 
 ent Harry B. Riley, as controller of the state to set up on the books of his office the sum of $1,397,185 to cover the expenditures of the department of industrial relations for the 89th and 90th fiscal years, covering the period July, 1937, to July, 1939. Petitioner seeks a similar writ directing and commanding the respondent Arlin E. Stockburger, as director of the department of finance, to approve the budget of the department of industrial relations for the 89th fiscal year, which budget has been framed upon the basis of the alleged appropriation of $1,397,185 for said biennium.
 

 Respondent Stockburger, as director of finance, admits all of the allegations of the petition and evinces a willingness to approve the proposed fiscal year budget but his desire so to do is frustrated by reason of the failure and refusal of the respondent Riley, as controller, to set up on his books more than $1,277,185 to cover the expenditures of the department of industrial relations for the designated biennium, which amount is $120,000 less than that alleged by petitioner to have been appropriated for the department.
 

 The controversy as to the disputed $120,000 had its inception in the following facts. It appears that pursuant to the provisions of section 34 of article IV of the Constitution, the governor submitted to the fifty-second legislature a budget, accompanied by an appropriation bill, covering the proposed biennium expenditures, among others, of the department of industrial relations in the sum of $1,297,185. As finally passed by the legislature and submitted to the governor for consideration, the budget or appropriation bill, so far as the department of industrial relations is concerned, was amended by increasing its appropriation to $1,625,185, it being specifically provided that $328,000 and $20,000, respectively, of the sum so appropriated should be expended as therein designated. Pursuant to the power vested in him by sections 16 and 34 of article IV of the Constitution, the governor signed the appropriation bill and at the time of signing appended thereto a statement of the items therein contained to which he objected, together with his reasons therefor. In paragraph “2” of his statement of objections the governor, with reference to the item for the department of industrial relations (No. 78 in the appropriation bill) stated, “I object to and eliminate” the specific and included items of $328,000 and $20,000 “for the reason that I consider the
 
 *534
 
 department of industrial relations and the department of finance better equipped to make such allocations, and vested with ample authority to provide through fiscal year budgets, for the needs, when known, of such functions”. In paragraph “3” of his statement of objections, the governor went on to state that he objected to the item appropriating to the department of industrial relations $1,625,185 (which general item, as shown, included the “eliminated” specific items of $328,000 and $20,000) and did “reduce the same” to $1,397,-185, the amount to which petitioner alleges his department is entitled for the biennium, “for the reason that $1,397,185 is considered sufficient to permit an 'expanded program of activities of this department for the next biennium. This amended item is . . . $100,000.00 more than originally recommended in this budget.” Thereafter the assembly reconsidered the budget and appropriation bill taking up separately, but failing to override, the governor’s action in connection with the reduction of the $1,625,185 item and the veto of the specific and included items of $328,000 and $20,000. It is our problem to here determine the effect of this action of the executive and legislative departments upon the appropriation for the department of industrial relations.
 

 Three possible results suggest themselves, viz.:
 

 1. That the action of the governor was a nullity, leaving all three items ($328,000, $20,000 and $1,625,185) as they were before the governor attempted to veto the first two and reduce the third by a lesser amount than the aggregate of the “eliminated” items; or
 

 2. That the action of the governor reduced the sum of $1,625,185 originally fixed by the legislature, by the aggregate of the “eliminated” items ($328,000 plus $20,000 or $348,-000), leaving the sum of $1,277,185—the total amount claimed by the respondent controller to be -available to the department of industrial relations; or
 

 3. That the action of the governor “eliminated” the specific and included items of $328,000 and $20,000 but did not affect the general appropriation of $1,625,185 for said department, which latter item was affected only by the express reduction thereof by the governor to $1,397,185—the amount claimed by petitioner for his department and conceded by the respondent director of finance as being available therefor.
 

 
 *535
 
 The decision in
 
 Wood
 
 v.
 
 Riley,
 
 192 Cal. 293 [219 Pac. 966], excludes the result first above stated. All the parties hereto concede that the cited case is authority for the proposition that the specific items of $328,000 and $20,000 are items of “appropriation” and subject to the veto power of the governor under sections 16 and 34 of article IV of the Constitution, even though included within the general appropriation of $1,625,185 to the department of industrial relations.
 

 We are not inclined to accept the second result above indicated, and contended for by the respondent controller, as the applicable solution of this proceeding. In support thereof he contends that by the “elimination” of the specific and included items of $328,000 and $20,000, respectively, the governor
 
 ipso facto
 
 reduced the general or gross appropriation to the department of industrial relations by the aggregate of said “eliminated” specific items, or to $1,277,185, and that the governor could not then increase the “reduced” general appropriation by $120,000 (the amount here in dispute), or to $1,397,185, without prior legislative action. The result contended for by the respondent controller is required neither by law nor reason. It stultifies and improperly restricts the power vested in the governor by sections 16 and 34 of the Constitution, which sections authorize the governor to “reduce or eliminate any one or more items of appropriation of money while approving other portions of the bill . . . ”. In other words, the second result above suggested, and here contended for by the respondent controller, would permit the governor to “reduce or eliminate” the specific and included items of further “appropriation” but would preclude him from “approving”, as authorized, such other portion of the bill as contained the general “appropriation” for the department and would likewise preclude the governor from “reducing”, as was his obvious intention here, the general appropriation by an amount less than the aggregate of the “eliminated” specific and included items. Such a result is not to be favored. As declared in section 3541 of the Civil Code, “an interpretation which gives effect is preferred to one which makes void”.
 

 On the other hand, the third result above suggested gives full effect to the intent of the legislature without unduly curtailing the power granted to the governor by the cited
 
 *536
 
 sections of the Constitution. As already shown, the specific and included items of $328,000 and $20,000 are items of “appropriation” within and subject to the constitutional veto power of the governor. It cannot be denied that the larger and inclusive item of $1,625,185, originally granted by the legislature to the department of industrial relations, is likewise an item of “appropriation”
 
 (Riley
 
 v.
 
 Johnson,
 
 219 Cal. 513 [27 Pac. (2d) 760, 92 A. L. R. 1292]), and, therefore, is within the constitutional veto power of the governor. Consequently, and as in the case of specific and included items of further appropriation, the governor is free to “reduce” the general and inclusive item of appropriation as in his judgment appears proper. This he did in the instant case by reducing the general appropriation to $1,397,185. Obviously, it was not his intention that the general appropriation should thereby be reduced to $1,277,185, as urged by the respondent controller. That it was the declared legislative intention to appropriate to the department of industrial relations $1,625,-185 (prior to the governor’s reduction thereof), even though the specific and included items of further appropriation should be “eliminated” by the governor, appears reasonably certain from the subsequent action of the assembly when, upon reconsideration, it separately considered and negatively voted upon the proposition of overriding the governor’s action in “eliminating” the two specific and included items of further appropriation (which that body had added) and in “reducing” the general and inclusive item of appropriation. Had it been the legislative intention to grant to the department of industrial relations the sum of $1,625,185 only in the event the specific and included items of $328,000 and $20,000 were not “eliminated” by the governor, the subsequent vote upon the proposition of overriding his reduction of the larger appropriation would have been unnecessary following the negative vote on the two propositions to override his veto or “elimination” of the two specific and included items. In other words, we conclude that it was the original legislative intent to appropriate $1,625,185 to the department regardless of the subsequent fate of the specific and included items of further appropriation and that the governor, within the power conferred upon him by the Constitution, could properly, in his judgment, reduce the general appropriation in the manner above indicated.
 

 
 *537
 
 This action upon his part did not, in our opinion, ¡hereby improperly increase an appropriation without legis.ative action nor did it constitute an unauthorized veto of londitional or provisional language used in connection with the specific and included items of appropriation. It was an ‘elimination” of the specific and included items and a reduction of the general and inclusive item of appropriation. Such a conclusion appears to effectuate the intent of the legislature without depriving the governor of the full effect of the veto power granted him.
 

 A somewhat analogous result was reached with respect to special fund moneys, as distinguished from general fund moneys with which we are here concerned, when in
 
 Board of Fish and Game Com.
 
 v.
 
 Riley,
 
 194 Cal. 37, 43—49 [227 Pac. 775], it was held, in effect, that the reduction by the governor of a specific and included budget appropriation for the fish and game commission did not abrogate or affect the continuing appropriation to the commission of all the moneys deposited in the fish and game fund and that the subsequent authorization of an expenditure greater than that provided for in the specific, included and reduced budget appropriation did not encroach upon the legislative function “since its effect is not to make an appropriation, but is merely to render available, to the extent of its allowance, an appropriation already made”. Such, by analogy, is our reasoning and conclusion herein.
 

 It appears from the brief of the respondent director of finance, and is conceded by the respondent controller, that the predecessor in office of the respondent controller, under analogous circumstances, caused by the upholding in
 
 Wood
 
 v.
 
 Riley, supra,
 
 of the governor’s veto of a specific and included item of appropriation of 1 per cent of the fund generally appropriated by the Budget Act of 1923 for teachers’ colleges, applied to the situation a practical construction, consistent with our reasoning and conclusion herein, and set up on his books the entire 100 per cent of the appropriation notwithstanding the veto of the 1 per cent.
 

 In conclusion, we do not find it necessary or proper to here concern ourselves with items of appropriation other than those made to .the department of industrial relations, herein represented by its petitioning director. Such other items, though perhaps presenting somewhat similar problems, are not within the issues of this proceeding and some of the par
 
 *538
 
 ties most intimately interested therein are not now before the court.
 

 Let peremptory writ issue as prayed.
 

 Shenk, J., Curtis, J., Langdon, J., Seawell, J., Edmonds, J., and Houser, J., concurred.
 

 Rehearing denied. Langdon, J., and Shenk, J., voted for a rehearing.