[S. F. No. 16033. In Bank.—August 24, 1938.]

RAILROAD COMMISSION OF THE STATE OF CALIFORNIA, Petitioner, v. HARRY B. RILEY, as State Controller, etc., Respondent.

Ira H. Rowell, Roderick B. Cassidy and George E. Howard for Petitioner.

U. S. Webb, Attorney-General, and W. R. Augustine, Deputy Attorney-General, for Respondent.

CURTIS, J.—Pursuant to the provisions of section 34 of article IV of the Constitution of the state of California, the governor of the state submitted to the 52d session of the legislature, the state budget for the biennium commencing July 1, 1937, and ending June 30, 1939, accompanied by an appropriation bill itemizing proposed state expenditures for such biennium, known as the budget bill, which included item No. 35 pertaining to support for the Railroad Commission of said state. Said budget bill originally contained the following words and figures relating to said item No. 35:

"Item 35—For Support of Railroad Commission of the State of California, eight hundred fifty-seven thousand six hundred one dollars .........$857,601.00"

The legislature, after making various changes, passed said bill, which was thereupon submitted to the governor for consideration. Said budget bill, as amended by the assembly and passed by the legislature, contained the following words and figures pertaining to item No. 35:

"Item 35—For support of the Railroad Commission of the State of California, eight hundred fifty-seven thousand six hundred one dollars, of which the amount of thirty-four thousand one hundred sixty dollars shall be expended for support of the Safety Section of the Railroad Commission of the State of California .........$857,601.00"

Pursuant to the power vested in the governor by sections 16 and 34 of article IV of the Constitution, the governor signed said budget bill as passed by the legislature and appended thereto a statement of the items therein contained to which he objected, together with his reasons therefor. Refer-

ence was made in said statement to said item 35 in the following language:

"1. I object to and eliminate the item on pages 6 and 7, under the heading, 'Administrative', reading as follows: 'of which the amount of thirty-four thousand one hundred sixty dollars shall be expended for support of the Safety Section of the Railroad Commission of the State of California,' for the reason that I consider the Railroad Commission of the State of California and the Department of Finance better equipped to make such allocations, and vested with ample authority to provide through fiscal year budgets, for the needs, when known, of such functions.''

Thereafter the assembly reconsidered the budget and appropriation bill, taking up separately each of the items objected to by the governor, but failed to override the governor's objection to item No. 35, wherein the legislature had provided that of the sum of $857,601, appropriated to the support of the Railroad Commission, $34,160 of said sum should be expended for the support of the safety section of the Railroad Commission of the state.

On the 22d of March, 1938, petitioner made demand upon respondent, Harry B. Riley, the controller of the state of California, to set up on the books of his department the sum of $857,601 for the support of the Railroad Commission for the fiscal years of said biennium, that is to say, for the 89th and 90th fiscal years, but respondent refused and still refuses to comply with said demand, and refuses to set up on the books of his department for the support of the Railroad Commission for said fiscal years any greater amount than the sum of $857,601, less the sum of $34,160, or the sum of $823,441.

Petitioner contends that the correct amount to be set up on respondent's books for the support of the Railroad Commission for each of said fiscal years is the sum of $428,800.50, or one-half of said sum of $857,601, while respondent has only set up for said purposes on his books the sum of $411,-720.50 for each of said fiscal years, said sum of $411,720.50, being one-half of said sum of $823,441. In its petition, petitioner prays for a writ of mandate to be issued out of this court directed to respondent as such controller commanding him to make available upon the accounting records of his department for the support of the Railroad Commission the

sum of $428,800.50 for each of said fiscal years, constituting the total sum of $857,601 for such biennium. On the filing of said petition, an alternative writ of mandate was issued, the same having been prayed for in said petition. The respondent has appeared and filed a general demurrer to the petition.

The legal questions presented by the petition herein do not differ in any respect from those which we considered and decided in the case of *Reardon* v. *Riley*, 10 Cal. (2d) 531 [76 Pac. (2d) 101]. In that case the governor in his budget and budget bill provided for an appropriation of $1,297,185 for the support of the department of industrial relations for the 89th and 90th fiscal years. The legislature increased this appropriation to the sum of $1,625,185 and provided that $348,000 of said appropriation should be used for two certain specified purposes. The governor signed the bill, but objected to that portion of the bill which provided that said sum of $348,000 should be used for special purposes on the ground that the state officials charged with the duty of disbursing said funds were best qualified to direct these expenditures. He, however, reduced the appropriation from $1,625,-185 to the sum of $1,397,185. The bill with his objections was then sent to the assembly, and that body failed to pass the same over the governor's veto. It was then claimed by the respondent controller that the amount thus appropriated was the sum of $1,625,185, less the sum of $348,000, or $1,277,185. The respondent in that case argued, as he does now, that the amount of the appropriation as fixed by the bill as originally passed by the legislature was reduced by the amount of the items to which the governor objected. If that argument had prevailed, then the amount of the appropriation would have been $1,277,185. But the court declined to accept that argument and held that the amount of the appropriation in the bill passed by the legislature, that is the sum of $1,625,185 was not reduced by the amount of these two eliminated items, and was only reduced by the action of the governor in cutting the appropriation from $1,625,185 to $1,397,185. That this is a correct interpretation of the decision in *Reardon* v. *Riley*, *supra*, we think plainly appears from the express language of the court used at that time which we will proceed to quote. In considering the problem then before the court, it was stated that three possible results were suggested under the

facts before it. The second of these results was stated as follows: "That the action of the governor reduced the sum of $1,625,185.00 originally fixed by the legislature, by the aggregate of the 'eliminated' items ($328,000 plus $20,000 or $348,-000), leaving the sum of $1,277,185—the total amount claimed by the respondent controller to be available to the department of industrial relations." As to this second result, the court held: "We are not inclined to accept the second result above indicated, and contended for by the respondent controller, as the applicable solution of this proceeding. In support thereof he contends that by the 'elimination' of the specific and included items of $328,000 and $20,000 respectively, the governor *ipso facto* reduced the general or gross appropriation to the department of industrial relations by the aggregate of said 'eliminated' specific items, or to $1,277,185, and that the governor could not then increase the 'reduced' general appropriation by $120,000 (the amount here in dispute) without prior legislative action. The result contended for by the respondent controller is required neither by law nor reason. It stultifies and improperly restricts the power vested in the governor by sections 16 and 34 of the Constitution, which sections authorize the governor to 'reduce or eliminate any one or more items of appropriation of money while approving other portions of the bill. . . . ' In other words, the second result above suggested, and here contended for by the respondent controller, would permit the governor to 'reduce or eliminate' the specific and included items of further 'appropriation' but would preclude him from 'approving', as authorized, such other portion of the bill as contained the general 'appropriation' for the department and would likewise preclude the governor from 'reducing', as was his obvious intention here, the general appropriation by an amount less than the aggregate of the 'eliminated' specific and included items. Such a result is not to be favored."

The court accordingly rejected the second proposed result, and approved the third result which was stated by the court as follows: "That the action of the governor 'eliminated' the specific and included items of $328,000 and $20,000, but did not affect the general appropriation of $1,625,185 for said department, which latter item was affected only by the express reduction thereof by the governor to $1,397,185—the amount claimed by petitioner for his department, and con-

ceded by the respondent director of finance as being available therefor."

Applying the language thus used by the court to our present problem, our conclusion is that the action of the governor eliminated the specific item of $34,160, but did not affect the general appropriation of $857,601 for the support of the Railroad Commission, which last stated amount is available to the commission for the 89th and 90th fiscal years.

Respondent concedes that the decision in the Reardon case holds that the governor may eliminate the specific and included items without affecting the general or main item in which the specific item is included, but contends that such holding was not necessary to the decision of that case for the reason that the governor in his message reduced the main appropriation from $1,625,185 to $1,397,185, which latter amount was all that petitioner was seeking. But it was not all that the respondent was seeking. Respondent contended that the main appropriation of $1,625,185 was reduced by the two eliminated items amounting to an aggregate of $348,000 which would have left only $1,277,185, as the appropriation for the department for said biennium. The court rejected this contention and it was necessary for it to do so in order for it to arrive at the amount of $1,397,185 as the amount appropriated. This same contention is now made the sole claim of respondent in justification of his refusal to set up on his books of account the sum of $857,601 as the appropriation for petitioner's support for the present biennium. Upon the authority of the case of *Reardon* v. *Riley, supra,* this contention cannot be sustained. In view of this former decision of this court upon the very question here involved, it becomes unnecessary for us to consider much of the argument of respondent, which attempts to show that our former decision was erroneous.

Let the peremptory writ issue as prayed.

Waste, C. J., Langdon, J., Houser, J., Shenk, J., and Seawell, J., concurred.