[S. F. No. 16113.—September 21, 1938.]

HAROLD E. POMEROY, as State Relief Administrator, etc., Petitioner, v. HARRY B. RILEY, as State Controller, et al., Respondents.

Louis Heilbron for Petitioner.

U. S. Webb, Attorney-General, W. R. Augustine, Deputy Attorney-General, and Jess Hession, for Respondents.

THE COURT.—The petitioner, as State Relief Administrator, and State Relief Commission of the State of California, seeks the issuance of a writ of *mandamus* directing and commanding Harry B. Riley, as the Controller of this state, to set up on the books of his office for the 1937–1939 bien-

nium the sum of $48,000,000 for the relief from hardship and destitution due to and caused by unemployment, which amount includes not to exceed $500,520 for the administration expenses of the State Controller in connection therewith.

Petitioner seeks a similar writ directing and commanding the respondent, Arlin E. Stockburger, as Director of the Department of Finance, to approve the budget for unemployment relief for said 1937–1938 biennium, which budget has been framed upon the basis of this alleged appropriation of $48,000,000 for said biennial period.

Respondent Stockburger, as Director of Finance, admits all the allegations of the petition and signifies his willingness to approve this proposed fiscal year budget, but is prevented from so doing by reason of the failure and refusal of respondent Riley, as Controller, to set up on his books more than $40,733,450 for unemployment relief for the designated biennium, which amount is $7,266,550 less than that alleged by petitioner to have been appropriated for said purposes.

The controversy as to this disputed item arises out of the following proceedings taken during the last session of the legislature: The original appropriation bill, following the budget, provided for an appropriation of $48,000,000 for the relief from hardship and destitution due to unemployment. As the bill was finally passed by this legislature it contained provisions for expenditures out of such appropriation of certain amounts for additions and repair to various state institutions, colleges, schools and other state agencies totaling the sum of $7,266,550. The Governor vetoed that added portion of the bill, which designated these amounts for said designated purposes, and expressly indicated that the amount for general unemployment relief was not thereby reduced but should remain at $48,000,000. The bill was returned to the legislature and an attempt was made without success to override the Governor's veto.

The respondent Riley contends that the amount of the original appropriation, as contained in the appropriation bill, was by the legislature, in designating a portion thereof to particular purposes and the veto of the Governor as to said designation reduced by the amount so designated for such purposes. This same question was raised and decided adversely to the contention of respondent Riley in the two re-

cent cases of *Reardon* v. *Riley,* 10 Cal. (2d) 531 [76 Pac. (2d) 101], and *Railroad Com.* v. *Riley, ante,* p. 48 [82 Pac. (2d) 394]. On the authority of those cases we are of the opinion that the peremptory writ should issue as prayed for, and it is so ordered.